UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENEVA LANGWORTHY

    Plaintiff,

v.

MATTHEW TUCK, *ET AL*.

    Defendants.
_____/

Case No. 23-cv-13016

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER: (1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 16];
(2) TAKING DEFENDANTS' MOTION TO COMPEL DISCOVERY UNDER ADVISEMENT [ECF NO. 22];
(3) REQUIRING A RESPONSE AND INITIAL DISCLOSURES;
(4) DENYING PLAINTIFF'S MOTION TO AMEND [ECF No. 26];
AND
(5) MOOTING DEFENDANTS' MOTION TO STRIKE [ECF NO. 28] AND STRIKING PLAINTIFF'S AMENDED COMPLAINT [ECF NOS. 24 & 27]**

I.    **Introduction**

Plaintiff Geneva Langworthy ("Langworthy" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a complaint against Matthew L. Tuck & Associates, PLLC d/b/a The Appellate Law Firm ("TALF") and Matthew Tuck (collectively, "Defendants"). In broad terms, the dispute arises out of TALF's alleged prior representation of Langworthy in four cases in Washington State. ECF No. 1,

1

PageID.5. She claims that TALF breached their agreement, *inter alia*. *See* ECF No. 1.

Now before the Court are several matters. First, Plaintiff filed a motion to extend the scheduling order and appoint pro bono counsel [ECF No. 16] on February 22, 2024. Defendants did not respond.

Second, Defendants filed a Motion to Compel Discovery on April 16, 2024 [ECF No. 22]. Plaintiff did not respond.

Third, Plaintiff filed an Amended Complaint [ECF No. 24] on May 6, 2024, and a Motion to Amend Complaint [ECF No. 26] on May 7, 2024. Defendants responded on May 21, 2024, and Plaintiff did not reply.

Lastly, Defendants filed a Motion to Strike Plaintiffs' Amended Complaint on May 9, 2024 [ECF No. 28]. In response, Plaintiff filed a notice of withdrawal of Amended Complaint stating that, "[t]he Plaintiff withdraws her first amended complaint, filed without leave, and asks that it be stricken from the record." ECF No. 30, PageID.142.

For the reasons set forth below:

1. Plaintiff's Motion for Appointment of counsel is **DENIED**;

2. Defendants' Motion to Compel is **TAKEN UNDER ADVISEMENT**. However, Plaintiff **must respond** to the motion to compel and furnish her initial disclosures, as required by FRCP 26(a), no later than **August 1, 2024**;

3. Plaintiff's Motion to Amend is **DENIED**;

2

    4. Defendant's Motion to Strike is **MOOT**, and Plaintiff's Amended Complaint [ECF Nos. 24 and 27] are **STRICKEN**.

## II.    Factual and Procedural Background

This is the third lawsuit that Plaintiff has filed against TALF in the United States District Court for the Eastern District of Michigan during the last nearly three years. In her two prior lawsuits, Plaintiff voluntarily dismissed both lawsuits. Moreover, in both prior cases, Plaintiff asserted claims under the Americans with Disabilities Act ("ADA"). However, she did not allege an ADA claim in her third lawsuit (i.e., the current lawsuit).

On January 7, 2022, Plaintiff filed a lawsuit against TALF in this Court. The complaint alleges various claims related to TALF's prior representation of Plaintiff. *See* ECF No. 1, Case Number 22-10103 (the "First Lawsuit"). The First Lawsuit was assigned to Judge Drain and Magistrate Judge Grand.

In the First Lawsuit, Plaintiff purported to allege claims "under the American with Disabilities Act and the Uniform Commercial Code, for disability discrimination, disparate treatment/impact, failure to effectively communicate, breach of contract, and failure to contract." *See* ECF No. 1, case no. 22-10103. On September 23, 2022, Plaintiff filed a Notice of Voluntary Dismissal. ECF No. 10, case no. 22-10103. The court did not dismiss the lawsuit. Instead, on October 6, 2022, this Court entered an order transferring the First Lawsuit to the United States

3

District Court for the Western District of Washington. *See* ECF No. 11, case no. 22-10103.

Upon transfer to the Western District of Washington, the First Lawsuit was assigned Western District of Washington case no. 22-05752. On February 2, 2023, the United States District Court for the Western District of Washington dismissed the First Lawsuit without prejudice due to Plaintiff's failure to file a proof of service regarding service of the Summons and Complaint on TALF. *See* ECF No. 18, Western District of Washington case no. 22-05752. Plaintiff did not serve TALF with the Summons or Complaint in the First Lawsuit.

On October 25, 2022, Plaintiff filed another lawsuit against TALF in the Eastern District of Michigan. *See* ECF No. 1, Case Number 22-12564 (the "Second Lawsuit"). The Second Lawsuit was duplicative of the First Lawsuit, which was still pending in the Western District of Washington.

The Second Lawsuit was assigned to Judge Berg and Magistrate Judge Altman. Plaintiff asserted nearly identical claims, including claims "under the American with Disabilities Act, the Uniform Commercial Code, and Michigan state law for disability discrimination, disparate treatment/disparate impact, failure to effectively communicate, breach of contract, and failure to contract." ECF No. 1, Case Number 22-12564, PageID.1. Plaintiff also purportedly asserted claims for "outrage, emotional distress[,] and legal malpractice." ECF No. 1, Case Number

4

22- 12564, PageID.1. The First and Second Lawsuits involved the same parties—Plaintiff and TALF—and they both arose out of the same alleged underlying factual events. Pursuant to Plaintiff's notice of voluntary dismissal, the court entered an order dismissing the Second Lawsuit without prejudice on June 16, 2023. See ECF No. 58, Case Number 22-12564.

On November 28, 2023, Plaintiff filed a third lawsuit against TALF (the "Current Lawsuit"). *See* ECF No. 1. This time, however, Plaintiff also sued TALF's owner, Matthew Tuck. *See* ECF No. 1. The lawsuit was initially assigned to Judge Grey and involves the same parties and similar claims as the First and Second Lawsuits. Indeed, the Complaint that Plaintiff filed in the Current Lawsuit—like the Complaint that Plaintiff filed in the First Lawsuit and Second Lawsuit—allegedly arises out of TALF's former representation of Plaintiff. *See* ECF No. 1 at PageID.5.

On February 22, 2024, The Appellate Law Firm served Plaintiff with its First Set of Interrogatories, First Request for Production of Documents, and First Set of Requests for Admissions. However, Plaintiff did not respond. Moreover, Plaintiff has not served initial disclosures under FRCP 26(a). Following the submission of the parties' respective discovery plans, on April 4, 2024, the court concluded that the Current Lawsuit is a companion case to the Second Lawsuit.

Accordingly, the Current Lawsuit was reassigned to Judge Berg and Magistrate Judge Altman pursuant to E.D. Mich LR 83.11. *See* ECF No. 18.

On April 15, 2024, Plaintiff filed an affidavit requesting that Judge Berg recuse from the case. She stated that "I cannot get a fair hearing for myself under Judge Terence [sic] G. Berg[,]" and she declared her feelings and "fear" of "future prejudice." ECF No. 20, PageID.50. On April 17, 2024, the court concluded that the Current Lawsuit is a companion case to the First Lawsuit. Accordingly, the court reassigned the Current Lawsuit to Judge Drain and Magistrate Judge Grand pursuant to E.D. Mich LR 83.11. *See* ECF No. 23.

With her unsatisfied discovery obligations looming, Plaintiff urges the Court to appoint counsel and allow her to amend the complaint. Construing her motions liberally, the Court will consider and discuss the law and analysis applicable to these matters below.

### III. Analysis

#### 1. Appointment of Counsel

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent herself, the complexity of the factual and legal

6

issues involved, and the claim's relative merits. *Lavada v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotation marks and citations omitted).

In support of her request for appointment of counsel, Langworthy submits that appointing counsel "would maximize the Court's ability to analyze the proposed defense if it does not have to interpret the Plaintiff's nonstandard terminology regarding contracts." *Id*. at PageID.42.

Langworthy has not alleged a unique or exceptional need for counsel. An "exceptional circumstance" goes "beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness." *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017).

Plaintiff's motion relies entirely on her lack of legal knowledge and financial resources. Additionally, she says "[t]he Court should appoint pro bono counsel to level the playing field. [She] is not qualified to represent herself because her disabilities create personality characteristics which prejudice the courts against her. It was for this very reason that Ms. Langworthy hired TALF." ECF No. 16, PageID.43. The alleged disabilities that would purportedly "prejudice courts against [Plaintiff]" have not been explained or demonstrated. Moreover, as noted above, Langworthy has represented herself in several cases. As such, the Court declines to appoint counsel.

However, there are resources in this district to assist *pro se* litigants. The Court directs Langworthy's attention to the Representing Yourself tab on the Court's website, www.mied.uscourts.gov. The Court also encourages Langworthy to seek assistance from the University of Detroit Mercy Law School Federal Pro Se Legal Assistance Clinic. Information for these resources is available under the Court Related Assistance tab. The *Pro Se* Legal Assistance Clinic can be reached by telephone at (313) 234-2690 or email at proseclinic@udmercy.edu. The clinic is open on Monday, Wednesday, and Friday from 1 p.m. to 5 p.m.

Langworthy's motion for appointment of counsel is **DENIED**.

**2. Motion to Amend**

Under FRCP 15,

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

It is well established that "the right to amend is not absolute or automatic," and "the district court has discretion in determining whether to permit an

8

amendment." *Tucker v. Middleburg-Legacy Place*, 539 F3d 545, 551 (6th Cir. 2008). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995).

Plaintiff filed a one-page motion requesting leave to amend the complaint and add claims under Title III of the ADA. She stated that "Ms. Langworthy is low-income, disabled, and a woman, and is forced to proceed pro se because the Defendants took her money and then withdrew. Ms. Langworthy has requested appointment of pro bono counsel." ECF No. 26, PageID.116. Notably, Langworthy does not explain why she should be permitted to amend her complaint to add an ADA claim, and she does not explain why justice requires amendment.

On the other hand, Defendants respond, averring that: (1) "Plaintiff's Motion Was Filed in Bad Faith with Dilatory Motive"; and (2) "Plaintiff's Proposed Amendment is Futile." *See* ECF No. 31, PageID.147. Plaintiff did not reply and does not address FRCP 15 in her motion.

Defendants say she filed the amendment in bad faith with dilatory motive because "Plaintiff originally filed an ADA claim in the First Lawsuit, which was filed approximately 2 years and 4 months prior to filing her Motion for Leave in the Current Lawsuit" and "[g]iven Plaintiff's conduct in the course of the Second

9

Lawsuit . . . and her transparent attempt at judge shopping, it is abundantly clear that Plaintiff's Motion for Leave is interposed for the improper purpose of harassing Defendants." ECF No. 31, PageID.163. Although the amendment my be unduly delayed, the Court does not find that Plaintiff sought amendment with bad faith or dilatory motive.

However, the Court does find that amendment would be futile. By amending the complaint, Plaintiff intends to pursue claims under Title III of the ADA for "denial of effective communication, disability discrimination, and disparate treatment." ECF No. 27, PageID.117. She says she "is entitled to prospective injunctive relief and to damages for the civil rights violations by TALF." *Id*.

Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To state a claim under Title III, a plaintiff must allege '(1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and fair opportunity to enjoy the services defendants provide.'" *Powell v. Columbus Med. Enterprises,*

10

*LLC*, No. 21-3351, 2021 WL 8053886, at *2 (6th Cir. Dec. 13, 2021) (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

"Title III of the ADA does not provide for monetary damages or, concomitantly, a jury trial, when the action is brought by a 'person who is being subjected to discrimination.'" *Dorsey v. City of Detroit*, 157 F. Supp. 2d 729, 733 (E.D. Mich. 2001) (*quoting* 42 U.S.C. § 12188(a)(2)). *See also Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 635 (6th Cir.2000) (Gilman, J., dissenting) (stating that it "appears doubtful" that Title III plaintiffs are entitled to jury trial as Title III permits only injunctive relief) (citing cases); *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir.1999) (recognizing that Title III enforcement statute, 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), does not include money damages); *see also Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1120 (9th Cir.2000) ("Monetary relief is not an option for private individuals under Title III of the ADA. As a result, a plaintiff who files an ADA claim can at most hope to improve access through an injunction."); and *E.F. by Fry v. Napoleon Cmty. Sch.*, No. 12-15507, 2019 WL 4670738, at *8 (E.D. Mich. Sept. 25, 2019) ("A private plaintiff suing under Title III of the ADA can obtain injunctive relief, but not compensatory damages.") (*citing* 42 U.S.C. § 12188; 28 C.F.R. 36.504).

11

To the extent that Plaintiff seek compensatory damages for her Title III claims, amendment would be futile because she cannot recover compensatory damages under Title III.

She also seeks injunctive relief. However, amendment would still be futile because Plaintiff does not have standing to allege a Title III claim against Defendants. To establish standing, Plaintiff must show that: (1) she suffered an "injury in fact"; (2) there is a causal connection between the injury and defendant's challenged action; and (3) the injury will be redressable by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The party invoking federal jurisdiction bears the burden of establishing these elements. *Id*. at 561.

The injury-in-fact inquiry under Article III "is twofold when a plaintiff requests injunctive relief, as it requires plaintiff to show both past injury and a real and immediate threat of future injury." *Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 756 (6th Cir. 2019) (internal quotations and citations omitted). *See also Id.* (citing *Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579 (6th Cir. 2014) (*citing City of Los Angeles v. Lyons*, 461 U.S. 95, 102–03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)) ("The 'threat' of a prospective injury must be real and immediate and not premised upon the existence of past injuries alone.").

The Sixth Circuit has determined that a plaintiff seeking injunctive relief in connection with a Title III ADA claim demonstrates a real and immediate threat of

future injury by establishing "(1) a plausible intent to return to the noncompliant accommodation or (2) that [the Plaintiff] would return, but is deterred from visiting the noncompliant accommodation because of the alleged accessibility barriers." *Gaylor*, 582 F. App'x at 580 (citing cases).

Plaintiff's proposed Amended Complaint does not allege a real and immediate threat of future injury. She does not say that she intended to engage Defendants as lawyers for legal services in the future but is deterred from doing so because of accessibility barriers. Plaintiff's allegations of harm are based entirely on Defendants' alleged past conduct and do not speak of a threat of future harm. Accordingly, she does not have standing to bring a Title III claim for injunctive relief.

For these reasons, the Court finds that amendment would be futile.

## IV. Conclusion

1. Plaintiff's Motion for Appointment of counsel is **DENIED**;

2. Defendants' Motion to Compel is **TAKEN UNDER ADVISEMENT**. However, Plaintiff **must respond** to the motion to compel and furnish her initial disclosures, as required by FRCP 26(a), no later than **August 1, 2024**;

3. Plaintiff's Motion to Amend is **DENIED**;

4. Defendant's Motion to Strike is **MOOT**, and Plaintiff's Amended Complaint [ECF Nos. 24 and 27] are **STRICKEN**.

**SO ORDERED.**

Dated: July 1, 2024  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 1, 2024, by electronic and/or ordinary mail.
/s/Marlena Williams
Case Manager

14