UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENEVA LANGWORTHY,

          Plaintiff,

v.                                 Case No.: 2:24-cv-13021
                                 Hon. Gershwin A. Drain

MATTHEW TUCK and THE
APPELLATE LAW FIRM,

          Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE CASES [ECF No. 5], DENYING PLAINTIFF'S MOTION FOR RECUSAL [ECF No. 6], DENYING PLAINTIFF'S MOTION TO SEAL [ECF No. 12], DENYING AS MOOT DEFENDANT'S LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF No. 14], DENYING PLAINTIFF'S SECOND MOTION TO REMAND [ECF No. 20], AND CLOSING CASE No. 24-13021**

## I.     INTRODUCTION

Plaintiff Geneva Langworthy has filed four separate lawsuits against Defendants Matthew Tuck and The Appellate Law Firm ("TALF"), two of which are closed and two of which are currently pending before the Court. Each of these suits has been predicated on Defendants' alleged breach of contract when they withdrew their legal representation of Plaintiff without returning her $20,000 retainer. *See* Case No. 24-13021, ECF No. 1, PageID.7; Case No. 23-13016, ECF

1

No. 38, PageID.201–07. Plaintiff filed her most recent case against Defendants in Macomb County Circuit Court, which the Defendants removed to federal court based on diversity jurisdiction. *See* Case No. 24-13021, ECF No. 1.

In Plaintiff's most recent case, and presently before the Court, are Defendants' Motion to Consolidate Cases, Plaintiff's Affidavit of Prejudice and Disqualification of Judge Drain (construed as a Motion for Recusal), Plaintiff's Motion to Seal, Defendants' Motion for Leave to File a Supplemental Response, and Plaintiff's Second Motion to Remand to State Court. The Court concludes that oral argument will not aid in the disposition of these matters and will determine their outcome on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Defendants' Motion to Consolidate [ECF No. 5] is GRANTED, Plaintiff's Motion for Recusal [ECF No. 6] is DENIED, Plaintiff's Motion to Seal [ECF No. 12] is DENIED, Defendant's Motion for Leave to File [ECF No. 12] is DENIED AS MOOT, and Plaintiff's Second Motion to Remand [ECF No. 20] is DENIED. Because the Court is consolidating Case Nos. 23-13016 and 24-13021, the Clerk is DIRECTED to close Case No. 24-13021, and the parties are ORDERED to make all future filings in Case No. 23-13016.

## II.    BACKGROUND

### a. *Plaintiff's History of Lawsuits Against Defendants*

Plaintiff, a citizen of New Mexico, is a *pro se* litigant proceeding *in forma pauperis*. *See* ECF No. 1, PageID.2. Defendant Matthew Tuck is a citizen of Michigan and the owner of TALF, which is incorporated in Michigan and whose principal place of business is Michigan. *Id.* Plaintiff has filed four lawsuits against Defendants based on the same set of facts. A brief overview of these cases follows.

Plaintiff filed her first lawsuit ("First Lawsuit") against Defendant TALF on January 7, 2022 in the Eastern District of Michigan. *See* Case No. 22-10103. The First Lawsuit was assigned to the undersigned and to Magistrate Judge David R. Grand. In the complaint, Plaintiff alleged that she paid TALF $20,000 to handle four appeals she had pending in Whatcom County, Washington. ECF No. 1, PageID.2–3. Plaintiff further claimed that TALF withdrew from representing her in these appeals without ever communicating with her about its concerns, and subsequently refused to return the $20,000 retainer. *Id.* Plaintiff contends that she lost all four appeals as a result of TALF's withdrawal. *Id.* at PageID.5.

Thus, Plaintiff alleged that TALF breached their contract and violated the Uniform Commercial Code. *Id.* Plaintiff also stated that she has disabilities— although she did not specify what they are—and that TALF violated the Americans with Disabilities Act ("ADA") by subjecting her to disparate treatment

3

discrimination. *Id.* After granting Plaintiff's application to proceed *in forma pauperis*, this Court ultimately transferred the First Lawsuit to the Western District of Washington, where the operative facts in the case occurred, for the convenience of the parties. *See* ECF No. 11. Once the First Lawsuit was transferred to Washington, however, Plaintiff never served TALF. Accordingly, the court in Washington dismissed Plaintiff's complaint without prejudice for failure to file proof of service. *See* Case No. 23-13016, ECF No. 38, PageID.202.

On October 25, 2022, Plaintiff filed her second lawsuit ("Second Lawsuit") against TALF in the Eastern District of Michigan. *See* Case No. 22-12564. Plaintiff did not disclose the First Lawsuit as a companion as required by the local rules, *see* E.D. Mich. L.R. 83.11(b)(7)(C), and the case was assigned to Judge Terrence G. Berg and Magistrate Judge Kimberly G. Altman. Plaintiff's complaint in the Second Lawsuit was based on the same underlying facts as the First Lawsuit: TALF's representation and later withdrawal from representation, and failure to return her $20,000 retainer. *See* ECF No. 1. Plaintiff alleged that TALF violated the Uniform Commercial Code, the ADA, and Michigan state law barring disability discrimination. *Id.* at PageID.1. Plaintiff also claimed outrage, emotional distress, failure to communicate, breach of contract, and legal malpractice. *Id.*

Judge Berg granted Plaintiff's application to proceed *in forma pauperis*, *see* ECF No. 5, and referred all pretrial matters to Magistrate Judge Altman. ECF No. 9.

During the Second Lawsuit, Plaintiff failed to comply with her discovery obligations, which necessitated a Motion to Compel by TALF. ECF No. 33. Magistrate Judge Altman ordered Plaintiff to respond to the Motion to Compel and to file her initial disclosures, but Plaintiff never did so. *See* ECF No. 38.

Plaintiff showed increasing displeasure with the court process, particularly after Magistrate Judge Altman ruled against Plaintiff on a few of Plaintiff's motions. Plaintiff filed several pleadings that Magistrate Judge Altman struck from the record for containing offensive language and *ad hominem* attacks. *See* ECF No. 25; ECF No. 43. Aside from insulting Magistrate Judge Altman on numerous occasions, Plaintiff claimed that Magistrate Judge Altman was prejudiced against disabled people and violated her due process rights. *See, e.g.,* ECF No. 45; ECF No. 46; ECF No. 47. Ultimately, Plaintiff filed a Notice of Voluntary Dismissal, citing "the bias of the assigned magistrate judge" as the reason she was dropping the case. ECF No. 57. Judge Berg dismissed the case without prejudice per Plaintiff's request. ECF No. 58.

On November 28, 2023, Plaintiff filed her third lawsuit ("Third Lawsuit"), this time against both Matthew Tuck and TALF. *See* Case No. 23-13016. The complaint alleged the same facts against Defendants as Plaintiff's previous complaints, but it brought a claim only for breach of contract, not disability discrimination. ECF No. 1, PageID.7. Plaintiff failed to disclose her previously

dismissed cases, so the case was initially assigned to Judge Jonathan J.C. Grey and Magistrate Judge Curtis Ivy Jr. *See* ECF No. 1, PageID.1. However, Judge Grey discovered that the case was a companion to the Second Lawsuit and he reassigned the case to Judge Berg. ECF No. 18. Later, Judge Berg discovered that the case was a companion to the First Lawsuit, and he reassigned the case to the undersigned, under whom the case remains pending. ECF No. 23, PageID.110.

After reassignment to the undersigned, Plaintiff filed a Motion to Appoint Counsel and a Motion to Amend Complaint, in which she sought to add an ADA claim. ECF No. 16; ECF No. 26. The Court denied both Motions, finding that Plaintiff failed to show that extraordinary circumstances warranted the appointment of counsel and that amendment of the complaint to add an ADA claim would be futile. *See* ECF No. 34. After the Court's decisions on these issues, Plaintiff attempted to voluntarily dismiss her complaint, citing alleged judicial bias against disabled people. ECF No. 37. However, because Defendants had already filed an answer, Plaintiff was no longer permitted to dismiss her complaint as a matter of course without either the Defendants' consent or the Court's approval. *See* Fed. R. Civ. P. 41(a).

The Court required Defendants to respond to Plaintiff's Notice of Dismissal. Defendants objected to Plaintiff's voluntary dismissal, arguing that Plaintiff was not entitled to another dismissal without prejudice. *See* ECF No. 39. Rather, Defendants

6

moved for dismissal *with* prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See* ECF No. 38. Defendants' Motion to Dismiss, and the Court's determination on Plaintiff's notice of voluntary dismissal, are currently pending.

As of yet, Plaintiff has failed to fulfill her discovery obligations in the Third Lawsuit. Defendants filed a Motion to Compel, which the Court took under advisement while ordering Plaintiff to file her initial disclosures and respond to the motion by August 1, 2024. ECF No. 22; ECF No. 34. Plaintiff did not comply with the Court's order. Defendant's motion to compel is pending.

Although her Third Lawsuit had not been dismissed, Plaintiff filed the fourth lawsuit ("Fourth Lawsuit") against Defendants on or about October 17, 2024 in Macomb County Circuit Court. *See* Case No. 24-13021, ECF No. 1. Plaintiff's complaint is again based on TALF's handling of her four appeals and the $20,000 retainer it did not return to Plaintiff, and it asserts only a breach of contract claim. *See id.* at PageID.7. On November 15, 2024, Defendants removed the case to the Eastern District of Michigan on the basis of diversity jurisdiction, noting that Plaintiff is a citizen of New Mexico and Defendants are both citizens of Michigan, and that Plaintiff is seeking $150,000 in damages. *See id.* at PageID.2–3.

### b. *Procedural History in the Fourth Lawsuit*

With the Fourth Lawsuit now in federal court, Defendants moved to consolidate the Fourth Lawsuit with the Third Lawsuit, noting that the cases are

based on identical facts and are against the same Defendants. *See* ECF No. 5. This Motion is pending.

Plaintiff then filed an "Affidavit of Prejudice and Disqualification of Judge Drain," alleging that the Court discriminates against her because of her disabilities and arguing that the undersigned should recuse himself. ECF No. 6. The Court construes this filing as a Motion for Recusal under 28 U.S.C. § 144. The Motion is pending.

Next, Plaintiff filed an expletive-laden First Motion to Remand to State Court,[1] arguing that the Eastern District of Michigan is a "corrupt forum" where she cannot get due process. ECF No. 7, PageID.38. On the same day that Defendants were required to—and did—reply to this Motion, the Clerk's Office entered Plaintiff's Amended Complaint on the docket.[2] *See* ECF No. 8. In the Amended Complaint, Plaintiff reduces her claim for damages to $74,999, purportedly to deprive the Court of diversity jurisdiction over the case. *See id*. Because of Defendants' lack of time to address Plaintiff's reduction in damages in the Amended Complaint, Defendants filed a Motion for Leave to File a Supplemental Response to Plaintiff's Motion to Remand so that they could address Plaintiff's contention that

---

[1] Plaintiff eventually withdrew this Motion. *See* ECF No. 7.
[2] Plaintiff had filed this Amended Complaint three days before the Clerk's Office entered it. *See* ECF No. 8.

8

her Amended Complaint deprived the Court of diversity jurisdiction. ECF No. 14. Defendants' Motion is pending.

After Defendants answered Plaintiff's Amended Complaint, Plaintiff filed a Notice of Voluntary Dismissal, again citing alleged judicial bias as the reason for dropping the case. ECF No. 19. One day later, however, Plaintiff filed a Second Motion to Remand to State Court, and in that Motion she withdraws her First Motion to Remand and her Notice of Voluntary Dismissal. *See* ECF No. 20. In her Second Motion to Remand, Plaintiff claims that the Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger* requires remand when a post-removal amendment of a complaint eliminates a prerequisite for jurisdiction. 604 U.S. 22 (2025).

Plaintiff also has a Motion to Seal pending. *See* ECF No. 12. In this Motion, Plaintiff argues that all the pleadings in this case must be sealed, "as they are prejudicial to her because of her protected class status as Disabled." *Id.* at PageID.66. Plaintiff claims that the "unavailability of justice or due process" in the Fourth Lawsuit has caused her to "decompensate, a clinical event." *Id.* As a result, Plaintiff desires all pleadings and papers in the case to be sealed for medical privacy. *Id.* at PageID.67.

In sum, the following Motions are pending before the Court and will be addressed in the following order: Plaintiff's Motion to Seal, Plaintiff's Motion for

Recusal, Defendant's Motion for Leave to File a Supplemental Response, Plaintiff's Second Motion to Remand, and Defendants' Motion to Consolidate the Fourth Lawsuit with the Third Lawsuit.

## III.   LAW & ANALYSIS

### a. Motion to Seal

Plaintiff argues that all pleadings and documents on the record in the Fourth Lawsuit must be sealed because she has "decompensate[d]" from the stress of the litigation. *Id.* at PageID.66. Plaintiff states that the "truculent nature" of her pleadings while experiencing symptoms of her undisclosed disability will result in pro bono attorneys refusing to take her case. *Id.* at PageID.67. As such, Plaintiff claims that her medical right to privacy requires the Court seal all records. *Id.*

Defendants oppose the Motion, claiming that it is "a transparent attempt to further her efforts at forum shopping and conceal[] her past antics across multiple lawsuits[.]" ECF No. 17, PageID.119. Defendants note that Plaintiff has not cited caselaw, statutes, or rules to support her request for relief, nor has she pointed to any documents in the case that contain supposed sensitive medical information. *Id.* at PageID.123–24.

### i.   Legal Standard for Sealing Court Records

"[T]he public has a strong interest in obtaining the information contained in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299,

305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). There are multiple reasons for this strong interest. For example, giving the public access to court materials "fosters confidence in the judicial system by assuring that courts are operating fairly and in a transparent fashion and that disputes presented to the courts are open to public scrutiny." *Martis v. Dish Network*, No. 1:13-cv-1106, 2013 WL 6002208, at *1 (W.D. Mich. Nov. 12, 2013). In contrast, sealing court records "insulates the participants [to a lawsuit], masking impropriety, obscuring incompetence, and concealing corruption." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1180).

Accordingly, there is a "strong presumption in favor of openness as to court records." *Id.* (quoting *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179) (internal quotation marks omitted). Overcoming the presumption "must be based on more than the natural desire of parties to shield prejudicial information contained in judicial records from… the public." *Martis*, 2013 WL 6002208, at *2 (quoting *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1180) (internal quotation marks omitted). Indeed, only the most "compelling reasons" will suffice. *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Even where a party can show a compelling reason for sealing certain documents, the seal "must be narrowly tailored to serve that reason." *Id.* "The

11

proponent of sealing therefore must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)) (internal quotation marks omitted).

ii.    Analysis

Plaintiff's Motion falls far short of satisfying these exacting requirements for sealing court records. Plaintiff claims that her pleadings in this matter must be sealed for "medical privacy," but Plaintiff identifies no documents in this case that contain sensitive medical information. *See* ECF No. 12, PageID.67. The only mention of medical information in the record is Plaintiff's vague allusions to her unidentified disabilities. *See United States v. Kischnick*, No. 18-20439, 2020 WL 3172634, at *2 (E.D. Mich. June 15, 2020) (denying motion to seal where there were no medical records and only "vague references" to the party's medical problems in the court record).

Plaintiff also appears to argue that she will be prejudiced in the future because of the belligerent nature of the pleadings she filed while her unidentified disabilities have been "symptomatic." ECF No. 12, PageID.67. This "argument for sealing is too speculative, general, and conclusory." *Madden v. Grate*, No. 5:19-CV-P73-TBR, 2019 WL 3242014, at *6 (W.D. Ky. July 17, 2019). Plaintiff offers only bare accusations of alleged bias against her, and no "specific facts to substantiate [her]

12

claim" that she will suffer unwarranted prejudice as a result of not sealing the case. *Id.*

Moreover, even if Plaintiff had offered a valid reason to seal documents in this case, her request to seal is patently overbroad. Plaintiff did not "narrowly tailor[]" her request for a seal, describing document by document why sealing is warranted. *See Shane Grp.*, 825 F.3d at 305–06. Rather, she requests to seal the entire action. "[T]he Court is not persuaded that any compelling interests exist sufficient to warrant restricting the public's access entirely from this proceeding and its records." *Madden*, 2019 WL 3242014, at *6.

Thus, Plaintiff's Motion to Seal [ECF No. 12] is DENIED.

**b. Motion for Recusal**

Plaintiff filed an "Affidavit of Prejudice and Disqualification of Judge Drain." *See* ECF No. 6. In it, Plaintiff cites 28 U.S.C. § 144 as the provision under which she seeks to disqualify the undersigned. Plaintiff claims that she has been denied procedural due process, and claims that the undersigned "hates people with disabilities[,]… Due Process[,] and the United States Constitution because he was appointed by America-hater Obama." *Id.* at PageID.34. Plaintiff also claims that she is filing a civil rights lawsuit against the Eastern District of Michigan. *Id.*

i.  <u>Legal Standard for Recusal</u>

Section 144 states in its entirety:

13

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Notably, "[t]he mere filing of an affidavit of personal bias and prejudice does not result in automatic disqualification of the judge against whom it is directed." *United States v. Cohen*, 644 F. Supp. 113, 115 (E.D. Mich. 1986). "[T]he district judge of whom recusal is sought may initially determine the legal sufficiency of the affidavit." *United States v. Surapaneni*, 14 Fed. App'x 334, 336 (6th Cir. 2001) (citation omitted).

The test for whether a judge must recuse himself is "is not subjective based on the affiant's observations, but is objective and depends upon whether a reasonable person would conclude [he is] biased or prejudiced against [the affiant]." *Cohen*, 644 F. Supp. at 116 (citing *United States v. Story*, 716 F.2d 1088 (6th Cir. 1983)). "The affidavit must do more than assert bias and prejudice and must give fair and adequate support for the conclusion asserted." *Id.* Furthermore, "[t]he bias or prejudice which will disqualify a judge must be 'personal' bias or prejudice as distinguished from a judicial one." *Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956). "It is not sufficient

14

if the alleged bias or prejudice arises out of the judge's background and associations rather than his appraisal of the complaining party personally." *Id.* Moreover, "[a]dverse rulings during the course of proceedings are not by themselves sufficient to establish bias and prejudice." *Id.*; *see also Ex parte Am. Steel Barrel Co.*, 230 U.S. 35, 44 (1913) (stating that disqualification was "never intended to enable a discontented litigant to oust a judge because of adverse rulings made[.]").

ii.   Analysis

Plaintiff has plainly failed to offer any cogent support for recusal in this case. Plaintiff's affidavit states that she has been "consistently denied" procedural due process, but does not describe in what way she has been denied due process. ECF No. 6, PageID.35. Plaintiff claims she has been "jerked around" by the Eastern District of Michigan, but does not state what actions by the Court she is referring to. *Id.* Plaintiff asserts that the undersigned "hates Due Process and the United States Constitution" because he was appointed by President Obama. *Id.* Yet there is "no support whatsoever for the contention that a judge can be disqualified based simply on the identity of the President who appointed him." *Jackson v. Mich. Sec. of State*, No. 24-cv-11072, 2024 WL 4529549, at *8 (E.D. Mich. Oct. 18, 2024) (quoting *Straw v. United States*, 4 F.4th 1358, 1363 (Fed. Cir. 2021)).

The only factual reason that Plaintiff has offered to require recusal is that she plans to sue the Eastern District of Michigan in a "civil rights lawsuit." ECF No. 6,

15

PageID.34. However, "[t]he rule is that a judge is not disqualified from hearing a case merely because a litigant sues or threatens to sue him[.]" *Rodman v. Misner*, 852 F.2d 569 (6th Cir. 1988) (table); *see also White v. Stephens*, No. 13-2173-JDT/tmp, 2014 WL 4925867, at *3 (W.D. Tenn. Sept. 30, 2014) (collecting cases holding the same). Indeed, "[s]uch an easy method for obtaining disqualification should not be encouraged or allowed." *United States v. Nagy*, 19 F. Supp. 2d 139, 140 (S.D.N.Y. Sept. 3, 1998) (citation omitted); *see also Hopson v. Huffman*, No. 3:12CV-262-S, 2012 WL 13027251, at *1 (W.D. Ky. Sept. 12, 2012) ("For a judge to be disqualified simply because the plaintiff has sued that judge would be to allow the plaintiff to manipulate the identity of the decision-maker and thus to engage in judge-shopping." (quoting 32 Am. Jur. 2d Federal Courts § 95)). Considering Plaintiff's history of attempting to dismiss cases as soon as they begin to look unfavorable to her, the Court is "convinced that Plaintiff is trying to manipulate the system in order to get a new judge" simply by threatening a lawsuit against the Eastern District of Michigan. *See Hopson*, 2012 WL 13027251, at *2.

Plaintiff has stated at a few points throughout her Third and Fourth lawsuits other reasons why she believes the undersigned is biased against her, although they are not described in her Affidavit. For example, Plaintiff has claimed that the undersigned is biased against disabled persons because the Court denied her motion to add an ADA claim to her Complaint in the Third Lawsuit. *See* Case No. 23-13016,

ECF No. 40, PageID.246. But adverse rulings during litigation are not enough to demonstrate bias. *Knapp*, 232 F.2d at 466.

In addition, Plaintiff has seemingly attempted to force disqualification in this case by insulting the undersigned in a foul and vulgar manner, similar to how Plaintiff acted toward Magistrate Judge Altman. *See* ECF No. 7, PageID.39 ("No judge can be called an "a******" by a plaintiff and still obtain due process. Federal caselaw holds that excessive criticism prejudices a judge and requires recusal." (censorship added)). However, "[i]t has long been established that a party cannot force a judge to recuse himself by engaging in personal attacks on the judge[.]" *Jones v. Perry*, No. 3:16-cv-02631, 2020 WL 6290317, at *4 (M.D. Tenn. Oct. 27, 2020) (quoting *Smartt v. United States*, 267 F. Supp. 2d 1173, 1177 (M.D. Fla. 2003)).

Plaintiff has also claimed that the Court "fail[ed] to effectively communicate" with her because it has not personally emailed its orders to her after she stated that she has not been receiving mail in New Mexico.[3] *See* Case No. 23-13016, ECF No. 40, PageID.246; Case No. 24-13021, ECF No. 8, PageID.43. Although Plaintiff has signed several of her pleadings with an address in New Mexico, the address Plaintiff provided to the Clerk's Office when she filed her lawsuits is in Sequim, Washington. Plaintiff has been notified twice that it is her responsibility to update the Clerk's

---

[3] Specifically, Plaintiff claims that a "bigoted Democrat-leaning postal clerk in New Mexico" returns her mail to sender "out of spite." *See* Case No. 24-13021, ECF No. 8, PageID.43.

Office when her address changes. *See* Case No. 24-13021, ECF No. 18; Case No. 23-13016, ECF No. 4; E.D. Mich. L.R. 11.2. Moreover, the local Electronic Filing Policies and Procedures provide that when a party is *pro se* and is not an e-filing user, they are entitled to a *hard copy* of pleadings and orders, not an emailed copy. *See* E.D. Mich. Electronic Filing Policies and Procedures, Rule 9(e).

Regardless, Plaintiff has responded to most of Defendants' Motions, belying the contention that she receives no mail. *See* Case No. 24-13021, ECF No. 11; Case No. 23-13016, ECF No. 41. Plaintiff also now has e-filing access privileges and is served documents electronically. *See* Case No. 23-13016, ECF No. 43. Plaintiff has received the service of papers and pleadings to which she is entitled.

In sum, no reasonable person, from an objective standpoint, would question the Court's neutrality in this case. *See Cohen*, 644 F. Supp. at 116. Accordingly, Plaintiff's Motion for Recusal is DENIED.

### c. Motion for Leave to File a Supplemental Response

Defendants filed a Motion for Leave to File a Supplemental Response to Plaintiff's First Motion to Remand. ECF No. 14. Defendants stated that this additional response is necessary to address Plaintiff's contention, in her Amended Complaint, that reducing her damages deprived the Court of jurisdiction and that the Court must remand for that reason. However, Plaintiff later withdrew her First Motion to Remand and replaced it with her Second Motion to Remand. *See* ECF No.

18

20. Defendants had an opportunity to address all their new arguments in their response to Plaintiff's Second Motion to Remand. *See* ECF No. 21.

Therefore, Defendants' Motion for Leave to File a Supplemental Response is DENIED AS MOOT.

### d. Second Motion to Remand

In Plaintiff's Second Motion to Remand, Plaintiff notes that she has filed an Amended Complaint which reduced the amount in controversy below $75,000, the threshold amount in controversy for a federal court to have diversity jurisdiction over a case. *See* ECF No. 20, PageID.130. Plaintiff cites *Royal Canin U.S.A., Inc. v. Wullschleger*, in which the Supreme Court held that when a plaintiff amends her complaint to remove federal claims or diverse parties, a federal court's jurisdiction dissolves. *See* 604 U.S. at 49. Plaintiff extrapolates the Supreme Court's holding to argue that a post-removal amendment that changes the amount in controversy deprives the Court of diversity jurisdiction.

Defendant opposes Plaintiff's Motion. *See* ECF No. 21. Defendant notes that Supreme Court and Sixth Circuit precedent states that reducing the amount in controversy post-removal does not deprive a federal court of jurisdiction. *Id.* at PageID.151–52. Defendant further argues that *Royal Canin* did not affect this precedent. *Id.*

19

i.   <u>Legal Background of Post-Removal Federal Jurisdiction</u>

Removing cases from state to federal court is governed by 28 U.S.C. § 1441(a), which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal court has original jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… [c]itizens of different States[.]" 28 U.S.C. § 1332(a)(1). "A defendant removing a case has the burden of proving the diversity jurisdiction requirements." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). However, when a plaintiff's claim of damages *exceeds* the $75,000 threshold, it is "*presumed correct* unless shown to a legal certainty that the amount is actually less than the federal standard." *Pate v. Huntington Nat'l Bank*, No. 5:12CV1044, 2013 WL 557195, at *4 (N.D. Ohio Feb. 12, 2013) (citing *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 409 (6th Cir. 2008)) (emphasis in original).

Generally, "the determination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers*, 230 F.3d at 871 (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)). The Supreme Court held that a post-removal amendment of a complaint that reduces damages to below the

20

statutory minimum does not divest a federal court of diversity jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292–93 (1938) ("[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."). The Supreme Court explained that this rule is supported by "ample reason," because:

> If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction[,] the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election.

*Id.* at 294.

Similarly, the Sixth Circuit has held that a post-removal stipulation to a reduction in damages does not deprive a federal court of jurisdiction because "events occurring after removal that reduce the amount in controversy do not oust jurisdiction." *Rogers*, 230 F.3d at 872. Like the Supreme Court in *St. Paul*, the Sixth Circuit explained that this rule is "sound policy": "[i]f plaintiffs were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Id.*; *see also Gallegos v. Smith*, No. 3:23-cv-00769, 2024 WL 4509097, at *1 (M.D. Tenn. Oct. 16, 2024) (denying remand where the plaintiff attempted to reduce damages

post-removal to $74,900, citing *Rogers* and *St. Paul*); *Potts v. Zurich, N.A.*, No. 4:11CV1470, 2012 WL 946891, at *3 (N.D. Ohio Mar. 20, 2012) (holding that amending the complaint to reduce damages, after the case has been removed, does not defeat diversity jurisdiction).

Recently, in *Royal Canin*, the Supreme Court modified the general rule that the existence of federal jurisdiction is determined at the time of removal. In *Royal Canin*, the plaintiff alleged violations of both state and federal laws in Missouri state court. *Royal Canin U.S.A., Inc.*, 604 U.S. at 28. The defendant removed the case to federal court based on federal question jurisdiction and supplemental jurisdiction over the state law claims. *Id.* at 28–29. However, the plaintiff amended her complaint post-removal to withdraw her federal law claims, leaving only state law claims behind. *Id.* at 29. The question before the Supreme Court was whether a post-removal amendment that eliminates all federal claims from a case deprives a federal court of supplemental jurisdiction over the remaining state claims. *Id.* at 30.

The Supreme Court ultimately held that "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *Id.* Although federal jurisdiction in *Royal Canin* was premised on federal question and supplemental jurisdiction, the Supreme Court

also noted that a post-removal amendment that adds a non-diverse party would destroy diversity jurisdiction too. *Id.* at 38. This is because federal jurisdiction, or the lack thereof, "does not depend on whether the plaintiff first filed suit in federal or state court. Rather, it depends… on the substance of the suit—the legal basis of the claims (federal or state?) and the citizenship of the parties (diverse or not?)." *Id.* at 38–39.

Notably, however, the Supreme Court clarified that its holding is "inapposite… by virtue of its subject and function alike" to the rule that a post-removal amendment that reduces the amount in controversy to below the statutory minimum does *not* destroy diversity jurisdiction. *Id.* at 38 n.8. First, the Court noted that the amount in controversy "more concerns a fact on the ground—that is, the value of a suit—than it does the plaintiff's selection of claims and parties." *Id.* (comparing the amount-in-controversy rule to the time-of-filing rule for determining a party's citizenship). Second, the Court stated that the rule "responds to the difficulties of assessing a suit's value and the likelihood that the calculation will change over the course of litigation[,]" particularly considering that constant litigation over the value of damages—in order to alter a court's jurisdiction—"would be wasteful." *Id.* (quoting *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 580–81 (2004)). The Supreme Court concluded that freezing the amount in controversy to the amount at the time of removal is permissible because it does not

"limit the effect of the plaintiff's decision, as master of her complaint, to add or subtract claims or parties." *Id.*

ii.   Analysis

Defendants removed this case from Macomb County Circuit Court based on diversity jurisdiction.[4] ECF No. 1. Defendants note that they are Michigan citizens and Plaintiff is a New Mexico citizen. *Id.* at PageID.2. At the time of removal, Plaintiff claimed $150,000 in damages. *Id.* Indeed, throughout all of Plaintiff's lawsuits, she has consistently claimed more than $75,000 in damages. *See* Case No. 23-13016, ECF No. 1, PageID.6 (claiming $500,000 in combined compensatory and punitive damages); Case No. 22-10103, ECF No. 1, PageID.3 (claiming $272,000 in combined compensatory and punitive damages); Case No. 22-12564, ECF No. 1, PageID.4 (claiming $272,000 in combined compensatory and punitive damages).

---

[4] Removal was technically improper. Section 1441 states that removal based on diversity is not permitted where any of the defendants are citizens of the state in which the action was brought. *See* 28 U.S.C. § 1441(b)(2). Defendants are both Michigan citizens and the action was filed in Macomb County, Michigan. However, the Sixth Circuit has repeatedly stated that this is a procedural—not jurisdictional— rule "that is waived if it is not raised by a timely motion to remand." *RFF Family P'ship, LP v. Wasserman*, 316 Fed. App'x 410, 411 (6th Cir. 2009); *Southwell v. Summit View of Farragut, LLC*, 494 Fed. App'x 508, 511 n.2 (6th Cir. 2012); *Plastic Moldings Corp. v. Park Sherman Co.*, 606 F.2d 117, 119 n.1 (6th Cir. 1979). Moreover, the Sixth Circuit has indicated that a court cannot raise this issue *sua sponte*; it is the plaintiff's obligation to raise the issue in the motion for remand. *RFF Family P'ship, LP*, 316 Fed. App'x at 411 ("A procedural defect in removal may not be raised by the district court *sua sponte*.") (citing cases). A motion to remand based on a procedural defect must be raised within 30 days of the notice of removal. *See* 28 U.S.C. § 1447(c). In this case, the time to raise this issue has expired.

After Defendants removed the case, Plaintiff timely amended her complaint to reduce her claimed damages to $74,999. ECF No. 8, PageID.42. Plaintiff expressly stated that her motivation is to "deprive[] the federal court of jurisdiction," *id.*, an outcome bolstered by the Supreme Court's *Royal Canin* decision. ECF No. 20, PageID.130.

As discussed in *Royal Canin*, however, the amount in controversy continues to be determined at the time of removal. *Royal Canin U.S.A., Inc.*, 604 U.S. at 38 n.8. The Supreme Court's precedent in *St. Paul*, therefore, is still good law: if "the plaintiff after removal… by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co.*, 303 U.S. at 292. The procedural posture of Plaintiff's multiple lawsuits demonstrates the logic of this rule. Plaintiff has repeatedly attempted to judge- and forum-shop the moment a court renders an unfavorable decision in her cases. Allowing Plaintiff to "manipulate proceedings" by way of reducing damages in an amended complaint would be wasteful and unfair to Defendants. *Rogers*, 230 F.3d at 872.

Plaintiff's claim of $150,000 in damages is presumed correct unless it is clear to a legal certainty that she cannot recover that amount. *Pate*, 2013 WL 557195, at *4. No argument has been presented that Plaintiff cannot recover this amount should she prevail in her claims against Defendants, so the Court presumes the amount

correct. Therefore, the parties are diverse and the amount in controversy exceeds the statutory minimum. *See* 28 U.S.C. § 1332. The Court has diversity jurisdiction over the case. Accordingly, Plaintiff's Motion to Remand is DENIED.

### e. Motion to Consolidate

In their Motion to Consolidate, Defendants request that the Court consolidate the Fourth Lawsuit with the Third Lawsuit. ECF No. 5. Defendants argue that the lawsuits are essentially identical and that it would be "patently unfair" to require Defendants to litigate these two cases separately. *Id.* at PageID.32. Defendants contend that Plaintiff's attempt to litigate the Fourth Lawsuit separately is an effort to avoid her "repeated violations" in the Third Lawsuit and Defendants' pending Motion to Dismiss in that case. *Id.*

In response, Plaintiff raises several contentions. Plaintiff states that the Third Lawsuit no longer exists because it was "voluntarily dismissed" by Plaintiff. *Id.* Plaintiff claims that Defendants are forum shopping because they want the Fourth Lawsuit "handicapped and doomed by attachment to a case that" Plaintiff has already abandoned "as hopeless." ECF No. 11, PageID.64. Plaintiff also argues that consolidating the cases "would be a waste of judicial economy" because she may file a new cause of action in state court for ADA violations and legal malpractice. *Id.* at PageID.65. Finally, Plaintiff mentions that Defendants were not served process

26

and seems to argue that they should not be permitted to file motions for that reason. *Id.* at PageID.64.[5]

Defendants replied, noting that Plaintiff failed to rebut any of their arguments for consolidation. *See* ECF No. 15.

i.    <u>Legal Standard for Consolidation of Cases</u>

Rule 42 of the Federal Rules of Civil Procedure states that "[i]f actions before the court involve a common question of law or fact, the court may… consolidate the actions." Fed. R. Civ. P. 42(a)(2). The objective of consolidation "is to administer the court's business with expedition and economy while providing justice to the parties." *Dean v. Schooley*, No. 2:21-cv-2581, 2021 WL 8375429, at *2 (S.D. Ohio Oct. 1, 2021) (quoting *Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992)). Courts must take care that "consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). As such, when determining whether to consolidate cases, the court should consider whether:

> the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources

---

[5] Plaintiff also states that there is no federal diversity jurisdiction over the Fourth Lawsuit. The Court has already rejected that contention in addressing Plaintiff's Second Motion to Remand. Furthermore, Plaintiff argues that the Court has a conflict of interest because of she is "suing the MIED for denial of procedural due process and… equal protection." ECF No. 11, PageID.65. The Court has already addressed this contention in Plaintiff's Motion for Recusal.

27

posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

ii.   <u>Analysis</u>

In this case, the facts underlying the Third Lawsuit and the Fourth Lawsuit are completely identical. The defendants in each case are identical. The causes of action are identical. Thus, "[t]hese cases are identical and will rise and fall together." *Dean*, 2021 WL 8375429, at *2. Given that the cases are indistinguishable, no prejudice or confusion will result from consolidating them. Consolidation will only serve judicial economy and fairness in this case. *See id.*

Plaintiff's arguments against consolidation are inapposite. First, although Plaintiff seeks to voluntarily dismiss the Third Lawsuit, she cannot do so as a matter of right. Rule 41(a) of the Federal Rules of Civil Procedure states that a plaintiff may dismiss an action without court approval if the notice of dismissal is filed before the opposing party serves an answer or motion for summary judgment, or if the opposing party agrees to the dismissal. Fed. R. Civ. P. 41(a)(1)(A). Because Defendants already answered in the Third Lawsuit, and Defendants do not consent to Plaintiff's voluntary dismissal, the Court's approval is required. The Court has not yet ruled on that issue, so the Third Lawsuit remains pending.

28

Second, Defendants are not forum shopping by seeking to consolidate the cases. Indeed, Defendants' removal to federal court and subsequent motion for consolidation are intended to place the Fourth Lawsuit back in *the original forum* and in the *original context* that it has always been pending after Plaintiff's own evident attempt to shop for the most favorable forum. The fact that Plaintiff believes the Third Lawsuit is now "hopeless" "does not entitle [her] to forum-shop until [she] obtains a favorable result." *Manning v. Montgomery*, No. 3:01CV7221, 2001 WL 1725371, at *6 (N.D. Ohio Oct. 31, 2001); ECF No. 11, PageID.64.

Third, Plaintiff's argument that consolidating will be a "waste of judicial economy" because she plans to bring new causes of action in state court makes no difference here. ECF No. 11, PageID.65. Whether Plaintiff files new causes of action in state court does not impact whether judicial economy is served in consolidating the two cases pending before *this* Court now.

Finally, Defendants are not prohibited from filing motions or otherwise participating in this case because they were not served. "The requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly. The actions of the defendant may amount to a legal submission to the jurisdiction of the court[.]" *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006) (citations and internal quotation marks omitted). A defendant may "submit to the jurisdiction of the court by appearance." *Gerber v. Riordan*, 649 F.3d

514, 518 (6th Cir. 2011) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)) (internal quotation marks omitted). Defendants have appeared in the Fourth Lawsuit and have consented to the Court's jurisdiction.

Therefore, Defendants' Motion to Consolidate is GRANTED.

## IV.   CONCLUSION

Accordingly, for the reasons described above:

1.  Plaintiff's Motion to Seal [ECF No. 12] is **DENIED;**

2.  Plaintiff's Affidavit of Prejudice and Disqualification of Judge Drain, construed as a Motion for Recusal [ECF No. 6], is **DENIED;**

3.  Defendants' Motion for Leave to File a Supplemental Response [ECF No. 14] is **DENIED AS MOOT;**

4.  Plaintiff's Second Motion to Remand [ECF No. 20] is **DENIED;**

5.  Defendants' Motion to Consolidate Cases [ECF No. 5] is **GRANTED;**

6.  Case No. 2:24-cv-13021 and Case No. 2:23-cv-13016 are **HEREBY CONSOLIDATED**. The Clerk of Court is **DIRECTED** to **CLOSE** the later filed case, Case No. 2:24-cv-13021. The parties are **ORDERED** to file all future documents in the earlier filed case, 2:23-cv-13016.

**IT IS SO ORDERED.**

Dated:  February 25, 2025                                    /s/Gershwin A. Drain

GERSHWIN A. DRAIN
United States District Judge

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 25, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager