UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENEVA LANGWORTHY,

       Plaintiff,

                                        Case No.: 2:23-cv-13016

v.                                   Hon. Gershwin A. Drain

MATTHEW TUCK and THE
APPELLATE LAW FIRM,

             Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO CHIEF JUDGE [ECF No. 54], DENYING PLAINTIFF'S MOTIONS TO DISQUALIFY JUDGE [ECF No. 61; ECF No. 63], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS UNDER RULE 41(b) [ECF No. 38], AND DISMISSING CASE WITH PREJUDICE

## I.     INTRODUCTION

This case, which is the third lawsuit out of five acrimonious and identical lawsuits between Plaintiff Geneva Langworthy and Defendants Matthew Tuck and the Appellate Law Firm ("TALF"), is presently before the Court on Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 41(b), Plaintiff's Motion for Order to Chief Judge, and Plaintiff's Motions to Disqualify Judge. On March 27, 2025, this Court took Defendants' Motion to Dismiss under advisement. The Court ordered Plaintiff to comply with her discovery obligations and to show cause in writing why this case should not be dismissed with prejudice by May 1, 2025. The

Court warned Plaintiff that failure to comply with these orders within the deadline allotted may result in the Court granting Defendants' Motion to Dismiss and dismissing her case with prejudice. Nevertheless, Plaintiff did not comply with her discovery obligations and did not show cause. Instead, she filed an improper interlocutory appeal to the Sixth Circuit (which was denied), and filed duplicative, frivolous, and abusive motions seeking the undersigned's recusal.

The Court concludes that oral argument will not aid in the disposition of these motions and will determine their outcome on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). The Court DENIES Plaintiff's Motion for Order to Chief Judge [ECF No. 54], DENIES Plaintiff's Motions to Disqualify Judge [ECF No. 61; ECF No. 63], and GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss [ECF No. 38]. Specifically, the Court grants Defendants' request for dismissal, but denies their request for attorney's fees. This case is hereby DISMISSED WITH PREJUDICE.

## II.    BACKGROUND

Plaintiff is a *pro se* litigant proceeding *in forma pauperis*. Understanding the history of the present case against Defendants requires a discussion of all the lawsuits between Plaintiff and Defendants. This Court exhaustively detailed the factual and procedural history of Plaintiff's first four lawsuits in its prior Opinion and Order, *see* ECF No. 51, which the Court now repeats here with some adaptations.

*****

### a. First Lawsuit: Case No. 22-10103

Plaintiff filed her first lawsuit ("First Lawsuit") against Defendant TALF on January 7, 2022 in the Eastern District of Michigan, along with an application to proceed *in forma pauperis*. *See* Case No. 22-10103. The First Lawsuit was assigned to the undersigned and to Magistrate Judge David R. Grand. In the Complaint, Plaintiff alleged that [in May 2021,] she paid TALF $20,000 to handle four appeals she had pending in Whatcom County, Washington. ECF No. 1, PageID.2–3. Plaintiff further claimed that TALF withdrew from representing her in these appeals without communicating its concerns, and subsequently refused to return her $20,000 retainer. *Id.* Plaintiff contends that she lost all four appeals as a result of TALF's withdrawal. *Id.* at PageID.5.

Ultimately, Plaintiff alleged that TALF breached their contract and violated the Uniform Commercial Code. *Id.* Plaintiff also stated that she has disabilities—although she did not specify what they are—and alleged that TALF engaged in disparate treatment discrimination under the Americans with Disabilities Act ("ADA"). *Id.* The Court granted Plaintiff's application to proceed *in forma pauperis* and transferred the First Lawsuit to the Western District of Washington, where the operative facts in the case occurred, for the convenience of the parties. *See* ECF No. 11.

Once the First Lawsuit was transferred to Washington, however, Plaintiff never served TALF. Accordingly, the court in Washington dismissed Plaintiff's Complaint without prejudice for failure to file proof of service. *See* Case No. 23-13016, ECF No. 38, PageID.202.

### b. Second Lawsuit: Case No. 22-12564

On October 25, 2022, Plaintiff filed her second lawsuit ("Second Lawsuit") against TALF in the Eastern District of Michigan, along with an application to proceed *in forma pauperis*. *See* Case No. 22-12564. Plaintiff did not disclose the First Lawsuit as a companion as required by the local rules, *see* E.D. Mich. L.R. 83.11(b)(7)(C), and the case was assigned to Judge Terrence G. Berg and Magistrate Judge Kimberly G. Altman. Plaintiff's Complaint in the Second Lawsuit was based on the same underlying facts as the First Lawsuit: TALF's representation and later withdrawal from representation, and failure to return her $20,000

retainer. *See* ECF No. 1. Plaintiff alleged that TALF violated the Uniform Commercial Code, the ADA, and Michigan state law barring disability discrimination. *Id.* at PageID.1. Plaintiff also claimed outrage, emotional distress, failure to communicate, breach of contract, and legal malpractice. *Id.*

Judge Berg granted Plaintiff's application to proceed *in forma pauperis*, *see* ECF No. 5, and referred all pretrial matters to Magistrate Judge Altman. ECF No. 9. Thereafter, Plaintiff filed a motion to appoint a guardian ad litem and to appoint counsel. ECF No. 15. Magistrate Judge Altman denied both requests, finding that Plaintiff had failed to demonstrate that she was incompetent to represent herself and that she had not demonstrated a unique or exceptional need for counsel. ECF No. 21. A day after Magistrate Judge Altman's decisions, Plaintiff filed two motions which Magistrate Judge Altman subsequently struck from the record for containing "offensive language and *ad hominem* attacks." *See* ECF No. 25. Later, Plaintiff filed another document containing offensive language that Magistrate Judge Altman also struck from the record. *See* ECF No. 43. In both instances, Magistrate Judge Altman warned Plaintiff that future vexatious filings could result in sanctions up to and including dismissal of her case.

In addition to Plaintiff's abusive filings, Plaintiff failed to make her initial disclosures or respond to TALF's interrogatories and requests for production. ECF No. 33, PageID.230. Accordingly, TALF filed a motion to compel discovery, and Magistrate Judge Altman ordered Plaintiff to respond to that motion and to make her initial disclosures. *See* ECF No. 33; ECF No. 38. Ultimately, Plaintiff failed to follow these orders. *See* ECF No. 56, PageID.537. Before any consequences arose from Plaintiff's failure, Plaintiff filed a Notice of Voluntary Dismissal claiming that Magistrate Judge Altman allowed "prejudicial materials" to be filed in the case and that "people with disabilities do not have access to justice in Michigan." ECF No. 57, PageID.542. Judge Berg granted Plaintiff's request and dismissed the case without prejudice. ECF No. 58.

### c. *Third Lawsuit: Case No. 23-13016*

On November 28, 2023, Plaintiff filed her Third Lawsuit, this time against both Matthew Tuck (the owner of TALF) and TALF. *See* Case No. 23-13016. The Complaint alleged the same facts against Defendants as Plaintiff's previous Complaints, but it brought a claim

4

only for breach of contract, not disability discrimination. ECF No. 1, PageID.7. Plaintiff failed to disclose her previously dismissed cases, so the case was initially assigned to Judge Jonathan J.C. Grey and Magistrate Judge Curtis Ivy Jr. *See* ECF No. 1, PageID.1. However, Judge Grey discovered that the case was a companion to the Second Lawsuit and he reassigned the case to Judge Berg. ECF No. 18.

After reassignment to Judge Berg, Defendants filed a Motion to Compel Discovery. ECF No. 22. Defendants alleged that they served Plaintiff with their First Set of Interrogatories, First Request for Production of Documents, and First Set of Requests for Admissions on February 22, 2024. *Id.* at PageID.67. Under Federal Rules of Civil Procedure 33, 34, and 36, Plaintiff's responses were due by March 25, 2024, but she failed to comply with that deadline. Defendants attempted to confer with Plaintiff about why the deadline was missed and when she would produce discovery, but Plaintiff was not forthcoming. *Id.* at PageID.67–68. Furthermore, Plaintiff did not file initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1)(C). *Id.* at PageID.69. Accordingly, Defendants requested that Plaintiff be compelled to serve initial disclosures, to respond to the First Set of Interrogatories, and to respond to the First Request for Production; requested that Defendants' First Set of Requests for Admission be deemed admitted; and requested attorney's fees for having to bring the motion.

Before Judge Berg could rule on Defendants' Motion to Compel, he discovered that the Third Lawsuit is a companion to the First Lawsuit, and he reassigned the case to the undersigned, under whom the case remains pending. ECF No. 23, PageID.110.

After reassignment to the undersigned, Plaintiff filed a Motion to Appoint Counsel and a Motion to Amend Complaint, in which she sought to add an ADA claim. ECF No. 16; ECF No. 26. The Court denied both of Plaintiff's Motions, finding that Plaintiff failed to show that extraordinary circumstances warranted the appointment of counsel and that amendment of the Complaint to add an ADA claim would be futile. *See* ECF No. 34, PageID.179–86. The Court also took Defendants' Motion to Compel under advisement; it ordered Plaintiff to respond to the Motion to Compel and to file her initial disclosures by August 1, 2024. *Id.* at PageID.186. Plaintiff [did] not compl[y] with [this] order[.] ECF No. 38, PageID.201.

After the Court's decisions on Plaintiff's Motions, Plaintiff filed a Notice of Voluntary Dismissal, citing alleged judicial bias against

disabled people. ECF No. 37. However, because Defendants had already filed an answer, Plaintiff was no longer permitted to dismiss her Complaint as a matter of course without either the Defendants' consent or the Court's approval. *See* Fed. R. Civ. P. 41(a). Thus, the Court construed Plaintiff's Notice of Voluntary Dismissal as a Motion for Voluntary Dismissal and required Defendants to respond. In response, Defendants objected and argued that Plaintiff was not entitled to another dismissal without prejudice. *See* ECF No. 39. Instead, Defendants moved for dismissal *with* prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See* ECF No. 38. [Ultimately, the Court denied Plaintiff's Motion for Voluntary Dismissal, finding that allowing Plaintiff another voluntary dismissal without prejudice would subject Defendants to "plain legal prejudice." *See* ECF No. 51, PageID.352, 362. Furthermore, the Court took Defendants' Motion to Dismiss under advisement and granted Defendants' Motion to Compel instead. The Court ordered Plaintiff to produce her initial disclosures, respond to Defendants' First Set of Interrogatories, and respond to Defendants' First Request for Production by May 1, 2025. To that end, the Court ordered Defendants to file a "Statement Regarding Plaintiff's Discovery Production" by May 6, 2025, which would inform the Court whether Plaintiff complied with the Court's discovery order. The Court also ordered Plaintiff to show cause in writing by May 1, 2025, why her case should not be dismissed with prejudice. The Court warned Plaintiff that if she failed to timely or adequately comply with the Court's orders, it may result in the Court granting Defendants' Motion to Dismiss and dismissing her case with prejudice. *Id.* at PageID.362–63.] …

### d. *Fourth Lawsuit: Case No. 24-13021*

Although the Third Lawsuit was still pending, Plaintiff filed the fourth lawsuit ("Fourth Lawsuit") against Defendants on or about October 17, 2024 in Macomb County Circuit Court. *See* Case No. 24-13021, ECF No. 1. Plaintiff's Complaint was again based on TALF's handling of her four appeals and the retainer it did not return to Plaintiff. *See id.* at PageID.7. On November 15, 2024, Defendants removed the case to the Eastern District of Michigan based on diversity jurisdiction, noting that Plaintiff is a citizen of New Mexico and Defendants are both citizens of Michigan, and that Plaintiff seeks $150,000 in damages. *Id.* at PageID.2–3. A few days later, Defendants filed a Motion to Consolidate the Fourth Lawsuit with the Third Lawsuit. ECF No. 5.

> With the case back in federal court, Plaintiff filed several Motions, many of which contained vulgar language and insults. Plaintiff sought for the undersigned to recuse himself; for the case to be remanded to state court; and for the Court to seal all proceedings in the case. *See* ECF No. 6; ECF No. 7; ECF No. 12; ECF No. 20. Plaintiff also sought to deprive the Court of diversity jurisdiction by reducing the claimed damages in the case to $74,999. *See* ECF No. 8; ECF No. 20.
>
> In a[n]… Opinion and Order… the Court rejected Plaintiff's contentions that the undersigned should recuse himself, that the case should be remanded to state court, and that all proceedings in that case should be sealed. *See* ECF No. 23, PageID.171–72. The Court also held that Plaintiff could not deprive the Court of diversity jurisdiction by reducing her claimed damages post-removal. *Id.* Having disposed of Plaintiff's arguments, the Court granted Defendants' Motion to Consolidate the Fourth Lawsuit with the Third Lawsuit. *Id.* Because the Fourth Lawsuit and Third Lawsuit were identical in every way, and nothing remained pending in the Fourth Lawsuit after the Court's Opinion and Order, the Court directed the Clerk to close the Fourth Lawsuit and ordered the parties to make all future filings in the Third Lawsuit. *Id.* at PageID.172.

ECF No. 51, PageID.338–346.

\*\*\*\*\*

To summarize, after the Court's most recent rulings in the Third Lawsuit and Fourth Lawsuit, all that remained was the Third Lawsuit, in which the Court had taken Defendants' Motion to Dismiss under advisement pending Plaintiff's compliance with the Court's orders. The same day that the Court rendered its Opinion and Order on the motions in the Third Lawsuit, Plaintiff filed a Notice of Appeal. *See* ECF No. 52. The Sixth Circuit dismissed Plaintiff's appeal for lack of

jurisdiction, because this Court's Opinion and Order was not final or immediately appealable. ECF No. 58, PageID.406.

Thereafter, on April 10, 2025, Plaintiff filed a "Motion for Order to Chief Judge" in the Third Lawsuit. In that motion, Plaintiff argues that the undersigned should recuse and that the Chief Judge should strike all the undersigned's orders and transfer the case to Judge Jonathan J.C. Grey. ECF No. 54, PageID.371. This motion remains pending.

Plaintiff's May 1, 2025 show cause deadline arrived and passed without any response from Plaintiff to the show cause order. Moreover, on May 6, 2025, Defendants filed their Statement Regarding Plaintiff's Discovery Production. *See* ECF No. 57, PageID.405. Defendants indicated that they had not received Plaintiff's initial disclosures, any responses to their First Set of Interrogatories, or any responses to their First Request for Production. *Id.* Thus, Plaintiff also failed to comply with the order regarding discovery.

On May 20, 2025, Plaintiff filed a "Motion to Disqualify Judge," in which she argues once again that the undersigned should be disqualified. ECF No. 61, PageID.418. In addition, Plaintiff moves for a rehearing and for the appointment of a guardian ad litem. *Id.* at PageID.418, 420. Notably, Plaintiff asserts that she "will respond to interrogatories if a new hearing schedule is set," but will not do so as long as the undersigned is the judge on the case. *Id.* at PageID.421.

On June 2, 2025, Plaintiff filed another Motion to Disqualify Judge, which is identical to the first. *See* ECF No. 63.

In addition to these developments in Plaintiff's federal case, Defendants informed the Court that on March 6, 2025, Plaintiff filed her fifth lawsuit ("Fifth Lawsuit") against Defendants in Macomb County Circuit Court, which contains identical factual allegations and causes of action. ECF No. 55, PageID.378–79. Defendants indicate that they have filed a Motion for Summary Disposition in that case because the lawsuit is duplicative of the one currently pending here and because some of Plaintiff's claims are barred by *res judicata*. *Id.*; *see* ECF No. 55-2. Reviewing the docket for that action on the Macomb County Circuit Court website[1] shows that Judge Michael Servitto held a hearing on the Motion for Summary Disposition on May 19, 2025, and took it under advisement. Perhaps unsurprisingly, Plaintiff filed a Motion for Rehearing and for Change of Judge two days later, on which Judge Servitto has yet to rule.[2]

---

[1] https://courtpa.macombgov.org/eservices/home.page.2 (last visited June 10, 2025). Plaintiff's case may be found by searching with her first name and last name, or by her case number 2025-000969-CK. *See* ECF No. 55, PageID.379.

[2] The Court takes judicial notice of this information. Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it… can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court is permitted to take judicial notice of matters of public record and of government documents available from reliable sources on the internet. *See Barton v. Neeley*, 114 F.4th 581, 589 n.2 (6th Cir. 2024); *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). The Court considers this information a public record

### III.    LAW & ANALYSIS

**A. Plaintiff's Motion for Order to Chief Judge and Motion to Disqualify Judge**

The Court begins with Plaintiff's Motion for Order to Chief Judge and Motions to Disqualify Judge. Plaintiff's Motion for Order to Chief Judge discusses how she believes that the undersigned should have recused himself from the case and requests that the case be transferred to Judge Grey. Because of the nature of the arguments and the requested relief, the Court construes this motion as a motion for recusal.[3] Plaintiff's Motion to Disqualify Judge seeks the same relief, along with a rehearing and the appointment of a guardian ad litem, and makes many of the same arguments. Accordingly, the Court addresses both motions simultaneously.

---

from a reliable government source because it is readily and freely available on the Macomb County Circuit Court website. *See Barton*, 114 F.4th at 589 n.2.

[3] Addressing the motion to the Chief Judge was improper. *See Nat'l Solid Wastes Mgmt. Ass'n v. Granholm*, 315 F. Supp. 2d 867, 869–70 (E.D. Mich. 2004). The Chief Judge is without power to reassign a case from one judge to another judge unless both judges consent. *See id.*; E.D. Mich. L.R. 83.11(b)(2). There is no such consent in this case. Judge Grey agreed with Judge Berg to transfer the case to Judge Berg when Judge Grey discovered that it was a companion case to the Second Lawsuit. Thereafter, Judge Berg agreed with the undersigned to transfer the case to the undersigned when Judge Berg discovered that it was a companion case to the First Lawsuit. *See* ECF No. 18, PageID.47; ECF No. 23, PageID.110; *see also* E.D. Mich. L.R. 83.11(b)(7). In other words, Judge Grey already determined that the case does not belong with him, and the undersigned has already determined that the case *does* belong with him. Thus, the undersigned is the Judge who will address the motion.

### a. Recusal

In Plaintiff's "Motion for Order to Chief Judge," she argues that the Eastern District of Michigan "has a culture of hostility towards disability rights" and alleges that the undersigned is prejudiced against her for being a *pro se* party and a white disabled woman who "does not hate America." ECF No. 54, PageID.369–70. Plaintiff asserts that the undersigned should recuse and asks for the case to be transferred to Judge Jonathan J.C. Grey. *Id.* at PageID.371. Defendants responded, arguing that Plaintiff's allegations of judicial bias are unfounded and have already been rejected by the Court. ECF No. 55, PageID.379–80.

In Plaintiff's "Motion to Disqualify Judge," she argues that the undersigned should recuse in this matter because of "judicial bias." ECF No. 61, PageID.418, 420. Plaintiff claims that this Court's prior order denying her appointment of counsel was "discriminatory," and that this Court's order denying leave to amend her complaint to add a claim under the ADA demonstrates "latent prejudice against disability rights." *Id.* at PageID.420. Finally, Plaintiff claims that the Court has been handling her case too slowly, and "may be intentional[ly]" running out the statute of limitations on her claims. *Id.* In response, Defendants reiterate that Plaintiff's claims of judicial bias are meritless and have already been rejected by the Court. ECF No. 62, PageID.431.

The recusal of federal judges is governed by 28 U.S.C. § 144 and § 455. Section 144 provides, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. Similarly, § 455(a) states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The difference between sections 144 and 455 is that section 455 is self-executing, requiring the judge to disqualify himself for personal bias even in the absence of a party complaint." *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983). In contrast, § 144 requires that the complaining party file an affidavit containing facts and reasons to support the allegation that the judge is not impartial. *Id.* at 1090. "It is proper for the challenged judge to rule on the motion for recusal." *Marshall v. Stengel*, No. 3:10CV-159-S, 2010 WL 1930172, at *1 (W.D. Ky. May 12, 2010).

The test for whether recusal is necessary is based on "an objective standard so that a judge should disqualify himself only if there is a reasonable factual basis for doubting his impartiality." *United States v. Hatchett*, 978 F.2d 1259, at *3 (6th Cir. 1992) (table) (quoting *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 164 (6th Cir. 1984)) (internal quotation marks omitted). "The bias or prejudice which will

disqualify a judge must be 'personal' bias or prejudice as distinguished from a judicial one." *Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956). "It is not sufficient if the alleged bias or prejudice arises out of the judge's background and associations rather than his appraisal of the complaining party personally." *Id.* A judge is "presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise." *Scott v. Metro. Health Corp.*, 234 Fed. App'x 341, 352 (6th Cir. 2007) (citation and internal quotation marks omitted). "A recusal motion is committed to the sound discretion of the district judge[.]" *Hatchett*, 978 F.2d at *3 (quoting *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d at 165).

### i. No Reasonable Person Would Question the Undersigned's Impartiality, and Recusal Is Not Appropriate Here

As an initial matter, Plaintiff did not file an affidavit, so 28 U.S.C. § 144 is not the statutory provision under which to analyze Plaintiff's claims. Regardless, § 144 and § 455 "must be construed *in pari materia*" so the distinction makes no difference to the legal analysis. *Story*, 716 F.2d at 1091.

The Court already rejected a motion for recusal that Plaintiff filed in the Fourth Lawsuit. *See* Case No. 24-13021, ECF No. 23, PageID.185–88. Here, Plaintiff has offered no new argument or information that would lead any reasonable person to question the undersigned's impartiality in this case or change the undersigned's position on this matter.

13

In both her Motion for Order to Chief Judge and her Motion to Disqualify Judge, Plaintiff asserts that the undersigned is biased against her because she is disabled, as evidenced by his rulings on previous motions. *See* ECF No. 54, PageID.369–70; ECF No. 61, PageID.419–20. As the Court already noted in Plaintiff's Fourth Lawsuit, however, "[a]dverse rulings during the course of the proceedings are not by themselves sufficient to establish bias and prejudice." *Knapp*, 232 F.2d at 466; *see also Ex parte Am. Steel Barrel Co.*, 230 U.S. 35, 44 (1913) (stating that disqualification was "never intended to enable a discontented litigant to oust a judge because of adverse rulings made[.]"). Indeed, "bias sufficient to justify recusal must be a personal one and not one arising from the judge's view of the law." *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d at 164.

Plaintiff also accuses the undersigned of bias against her because she is a white woman proceeding *pro se* who "does not hate America." ECF No. 54, PageID.370. However, Plaintiff "fails to point to any facts in the record nor any item in the undersigned's 'background and association' that supports [her] position." *United States v. Naranjo*, No. 02-50045, 2007 WL 2463240, at *2 (E.D. Mich. Aug. 28, 2007).

Further, Plaintiff states that the Court has adjudicated her case too slowly and posits that this may be because the Court is attempting to violate her due process rights and to run out the statute of limitations on her claims. *See* ECF No. 54,

14

PageID.369; ECF No. 61, PageID.420. Plaintiff fails to identify any specific "delays" in her cases caused by the Court and fails to support her argument with case law. Most importantly, it is Plaintiff's own failure to participate in the litigation of this case that has "allow[ed] the case to lay dormant[.]" *Underhill v. Ill. Student Assistance Comm'n*, No. 2:03-CV-137, 2005 WL 2297290, at *2 (W.D. Mich. Sept. 21, 2005). Under Rule 26(b)(1), "[p]arties must participate in discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *El v. Metro Nashville Police Dep't*, No. 3:19-cv-01091, 2021 WL 2316773, at *1 (M.D. Tenn. June 7, 2021) (quoting Fed. R. Civ. P. 26(b)(1)) (internal quotation marks omitted). Plaintiff's failure to comply with this basic obligation has been a significant driving force behind delays in her cases.

Considering the foregoing, no reasonable person would question the undersigned's impartiality because Plaintiff's groundless accusations have failed to satisfy her "substantial burden" of overcoming the presumption of impartiality in this case. *Scott*, 234 Fed. App'x at 355. Accordingly, the undersigned will not recuse.

### b. Guardian ad Litem

In Plaintiff's Motion to Disqualify Judge, she briefly mentions that the Court should appoint her a guardian ad litem. ECF No. 61, PageID.420. Defendants oppose the appointment of a guardian ad litem, arguing that all evidence suggests that Plaintiff is competent to represent herself, that she has not been declared

incompetent, and that her alleged disabilities do not impact her ability to represent herself. ECF No. 62, PageID.429–30. Notably, Magistrate Judge Altman denied Plaintiff's motion to appoint a guardian ad litem in the Second Lawsuit, finding that Plaintiff had represented herself in multiple cases in other jurisdictions and that there was no evidence that any disability impaired her ability to litigate her case. *See* Case No. 22-12564, ECF No. 21, PageID.147–48.

Rule 17 of the Federal Rules of Civil Procedure provides that "[a] court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "Rule 17 protects the due process rights of incompetent civil parties by judicially ensuring that the guardians protect those interests." *Mate v. Fields*, No. 16-2730, 2017 WL 6398028, at *2 (6th Cir. June 20, 2017) (quoting *United States v. Mandycz*, 447 F.3d 951, 962 (6th Cir. 2006)). Importantly, the Court is only required to appoint a guardian ad litem for a party who is actually incompetent. *See Gardner v. Kenton Cnty. Det. Ctr.*, No. 09-70-WOB-JGW, 2012 WL 13128768, at *2 (E.D. Ky. Feb. 9, 2012).

Generally, proving incompetence requires producing verifiable evidence of incompetence, including evidence from a court or public agency indicating that the party has been adjudicated incompetent, or evidence from a mental health professional demonstrating that the party is treated for mental illness of a type that

16

would render her legally incompetent. *Mondelli v. Berkeley Heights Nursing and Rehab. Ctr.*, 1 F.4th 145, 149 (3d Cir. 2021) (citing *Powell v. Symons*, 680 F.3d 301, 303 (3d Cir. 2012)). "Standing alone… a litigant's bizarre behavior is insufficient to trigger a mandatory inquiry into his or her competency." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 202 (2d Cir. 2003). Moreover, "Rule 17 is not triggered simply because the litigant asserts her own incompetence or displays apparent signs of mental incapacity." *Mondelli*, 1 F.4th at 149 n.4 (citing *Ferrelli*, 323 F.3d at 202). Regardless, "[t]he decision to appoint a guardian ad litem rests with the sound discretion of the district court[.]" *M.F. ex rel. Branson v. Malott*, No. 1:11-CV-807, 2012 WL 1950274, at *4 (S.D. Ohio May 30, 2012) (citation omitted).

### i.    Plaintiff Has Not Demonstrated That She Is Incompetent

Plaintiff does not identify any reasons for appointing a guardian ad litem in her motion. In the Second Lawsuit, Plaintiff argued that she required a guardian ad litem because she has a "mental illness" which impacts her ability to interact with the public. *See* Case No. 22-12564, ECF No. 15, PageID.64. More recently, in Plaintiff's Motion for Order to Chief Judge, Plaintiff stated that she suffers from post-traumatic stress disorder and bipolar disorder. ECF No. 54, PageID.368.

Plaintiff's showing is insufficient to appoint a guardian ad litem. "Bipolar disorder and post-traumatic syndrome, by themselves, do not render a [person] incompetent[.]" *Himes v. Howard*, No. 21-10224, 2022 WL 2988232, at *5 (E.D.

17

Mich. July 28, 2022) (discussing competency in the context of standing trial in criminal proceedings); *Tighe v. Gidley*, No. 1:17-cv-342, 2017 WL 1502761, at \*4 (W.D. Mich. Apr. 27, 2017) (in the context of competency to stand trial in criminal proceedings, holding that "neither Petitioner's diagnosed mood disorders nor the drugs taken to address them, by themselves, raise a bona fide doubt about Petitioner's competence."). Plaintiff has offered no evidence that she has been found incompetent by a court or public agency. And although she might have "mood and personality disorders that impact [her] emotions, behaviors, and conduct… [her] filings suggest that [s]he understands the nature of [her] claims." *Bonner v. Romulus Police Dep't*, No. 14-10196, 2015 WL 730102, at \*2 (E.D. Mich. Feb. 19, 2015), *vacated in part on other grounds on reconsideration*, 2015 WL 1345312 (E.D. Mich. Mar. 25, 2015). Indeed, as Magistrate Judge Altman found, Plaintiff has represented herself in multiple cases, has successfully filed motions and other papers with the courts, and is aware of and comprehends court rulings. *See* Case No. 22-12564, ECF No. 21, PageID.148 n.2. Plaintiff's bare assertions of mental incompetency are insufficient to trigger Rule 17. *Mondelli*, 1 F.4th at 149 n.4. Simply, Plaintiff has not provided enough information or evidence to warrant appointing a guardian ad litem.

### c. Rehearing

In Plaintiff's Motion to Disqualify Judge, she briefly mentions that she moves "for re-hearing of this matter." ECF No. 61, PageID.418. Plaintiff does not identify

a Court order for which she would like a rehearing. In response, Defendants note that Plaintiff's request for a re-hearing is unclear and should be denied because Plaintiff does not identify which order she is challenging and does not support her assertion with any argument or analysis. ECF No. 62, PageID.431–32. In any event, Defendants argue that the motion should be denied as untimely under Local Rule 7.1(h). *Id.* at PageID.432.

The Eastern District of Michigan's Local Rules govern motions for rehearing or reconsideration. Under Local Rule 7.1(h), reconsideration of Court orders is "disfavored." E.D. Mich. L.R. 7.1(h)(2). Motions to reconsider Court orders "must be filed within 14 days after the entry of the order and may be brought only upon the following grounds":

(A) The Court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B) An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

*Id.*(h)(2)(A)–(C). Notably, a motion for reconsideration may not rest on the same arguments and issues that the court has previously ruled upon, and it may not raise new legal arguments that could have been presented in the initial motion. *See Joseph v. Sec'y of the Dep't of Veterans Affs.*, No. 19-cv-10828, 2022 WL 1303173, at *4 (E.D. Mich. May 2, 2022).

19

### i.      Plaintiff Has Not Demonstrated That Reconsideration or Rehearing Is Warranted Under Local Rule 7.1(h)(2)

Plaintiff has identified no mistakes, intervening changes in controlling law, or new facts that warrant a different outcome in regard to any of the Court's prior rulings. *See* E.D. Mich. L.R. 7.1(h)(2). As such, Plaintiff has failed to demonstrate that reconsideration and rehearing of any prior motion is necessary. In addition, Plaintiff has not actually identified an order on which she seeks a rehearing. Regardless of which order Plaintiff contests, she has failed to bring her motion within 14 days as required by Local Rule 7.1(h)(2). The Court's last order in this case was entered on March 27, 2025, and Plaintiff did not request a rehearing until May 20, 2025. Accordingly, Plaintiff's request for rehearing is denied.

### B. Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 41(b)

The Court previously took Defendants' Motion to Dismiss under advisement. *See* ECF No. 51. In this motion, Defendants contend that Plaintiff's litigation strategy is "pure, unadulterated gamesmanship": she withholds discovery responses and disclosures, ignores Court orders "requiring a basic level of cooperation in discovery consistent with the requirements of the Federal Rules of Civil Procedure," voluntarily dismisses her case when the Court renders adverse rulings, and then refiles the same claims in a new lawsuit. ECF No. 38, PageID.211. Defendants argue that dismissal with prejudice under Federal Rule of Civil Procedure 41(b) is proper

because Plaintiff's failures are willful, in bad faith, and in violation of Court orders. *Id.* at PageID.213. Defendants also assert that they have been prejudiced by Plaintiff's tactics because they have been forced to waste time, money, and effort in litigating these cases without any cooperation from Plaintiff. *Id.* at PageID.213–14. Finally, Defendants argue that less drastic sanctions would be ineffectual against Plaintiff. *Id.* at PageID.214. Defendants request attorneys' fees and costs for having to pursue the motion. *Id.*

Plaintiff responded to Defendants' motion, but did not address any of their arguments. Rather, she reiterated her feeling that the undersigned is prejudiced against her and that she cannot get relief under the ADA in the Eastern District of Michigan. *See* ECF No. 41, PageID.249. In another filing, Plaintiff suggested that it is inappropriate to dismiss the case with prejudice because the merits have not been reached. *See* ECF No. 54, PageID.370.[4]

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise,

---

[4] To briefly address this assertion, the Court notes that it has the express authority under Rule 41(b) to dismiss a case for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b). Moreover, a court has the inherent power to dismiss a case to "protect the sanctity of the judicial process," such as to remedy prejudice to a party, reprimand a recalcitrant party, and deter future misconduct. *Plastech Holding Corp. v. WM Greentech Auto. Corp.*, 257 F. Supp. 3d 867, 878 (E.D. Mich. 2017). By definition, these dismissals do not reach the merits of the case.

a dismissal under this subdivision… operates as an adjudication on the merits." Fed.

R. Civ. P. 41(b). Courts in the Sixth Circuit consider four factors when determining

whether to dismiss a case under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's
> conduct; (3) whether the dismissed party was warned that failure to
> cooperate could lead to dismissal; and (4) whether less drastic sanctions
> were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel.*

*& Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Dismissing an action under Rule

41(b) "is a harsh sanction which the court should order only in extreme situations

showing a clear record of delay or contumacious conduct by the plaintiff." *Carter v.*

*City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) (citation and internal

quotation marks omitted). The decision to dismiss an action under this Rule is left

to the sound discretion of the district court. *Kemp v. Robinson*, 262 Fed. App'x 687,

690 (6th Cir. 2007).

### i.      The Rule 41(b) Factors Support Dismissal of This Case

*Willfulness, Bad Faith, and Fault:* Undeniably, Plaintiff has been "stubbornly

disobedient and willfully contemptuous" in her proceedings before this Court.

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). In her Second

Lawsuit, Plaintiff ignored Judge Altman's order to make initial disclosures and

respond to Defendants' Motion to Compel. Case No. 22-12564, ECF No. 38,

PageID.397. In her Third Lawsuit, Plaintiff ignored the undersigned's order to make initial disclosures and respond to Defendants' Motion to Compel. ECF No. 34. She then ignored the undersigned's order compelling her to produce her initial disclosures and discovery responses by May 1, 2025, and ignored the Court's order requiring her to show cause why the case should not be dismissed with prejudice. ECF No. 51; ECF No. 57; *see also Harmon*, 110 F.3d at 368 ("…[Plaintiff] failed to respond to [Defendant's] motion to compel, and he failed to comply with the district court's November 2, 1995 order… The record is more than adequate to establish… a clear record of delay and contumacious conduct.").

In her dealings with Defendants throughout her lawsuits, Plaintiff has refused to communicate or cooperate. Defendants indicated that they have attempted to discuss the case and discovery issues with Plaintiff on multiple occasions, only to be met with silence or non-answers. *See, e.g.*, ECF No. 38, PageID.208–09; ECF No. 22, PageID.67–68; Case No. 22-12564, ECF No. 56, PageID.537; *see also Harmon*, 110 F.3d at 368 ("[Plaintiff] failed to respond to the amicable requests of [Defendant's] counsel…").

Plaintiff has also filed abusive, profanity-laden motions and papers throughout her lawsuits despite being expressly warned that such filings are inappropriate, will not be tolerated, and may lead to sanctions. *See* ECF No. 38, PageID.205–06 (summarizing Plaintiff's verbal assaults against Magistrate Judge

Altman in the Second Lawsuit); Case No. 22-12564, ECF No. 25, PageID.160–61
(Judge Altman's order striking Plaintiff's abusive filings from the record and
warning her that additional filings with extreme language may result in sanctions);
Case No. 22-12564, ECF No. 43, PageID.412 (same); Case No. 24-13021, ECF No.
7, PageID.37–41 (Plaintiff's insults of the undersigned and the Court, including but
not limited to "g*ddamn Nazi f*cking gestapo," "f*cking totalitarian left-wing
MIED," "fascist dictators," and "a**hole Gershwin Drain."); *see also Silva v. TAS
Rights Mgmt., LLC*, No. 3:18-cv-688-J-34JRK, 2019 WL 423345, at *5 (M.D. Fla.
Feb. 4, 2019) (dismissing case under Rule 41(b) for multiple instances of
contumacious conduct, including the plaintiff's use of "foul language and
inappropriate comments" in his communications with opposing counsel and his
filings with the court).

In addition, Plaintiff has engaged in a brazen pattern of judge shopping.
Plaintiff has filed *five* identical lawsuits against Defendants since 2022. She sought
to voluntarily dismiss the cases, to disqualify the assigned judge on the cases, or
both, in almost all of them[5]—only to immediately refile the case in the hopes of
obtaining a new judge. Indeed, Plaintiff expressly stated that she wanted to dismiss
the Third Lawsuit so that she could "file a new complaint in state court," because

---

[5] The one exception is the First Lawsuit, in which the court dismissed her case for
failure to serve Defendants.

she did not agree with the undersigned's rulings. ECF No. 46, PageID.272.[6] Moreover, Plaintiff has indicated that she will not participate in the Third Lawsuit unless she gets a different judge. *See* ECF No. 61, PageID.421; *see also Jones v. Crenshaw*, No. 3:22-cv-00045, 2022 WL 1394541, at *1 (M.D. Tenn. May 3, 2022), *vacated in part on other grounds*, 2022 WL 1447597 (M.D. Tenn. May 6, 2022) (dismissing a case with prejudice under Rule 41(b) where "[a] dismissal without prejudice would needlessly encourage Plaintiff to further pursue [the] goal" of judge shopping, which is "contrary to the interests of justice[.]").

In sum, the Court easily concludes that Plaintiff's actions display "an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings," and therefore Plaintiff's actions are in bad faith. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citation omitted).

*Prejudice to Defendants:* The prejudice to Defendants in this case cannot be doubted. Defendants have been forced "to waste time, money, and effort in pursuit of cooperation which [Plaintiff] was legally obligated to provide" across four lawsuits.[7] *Harmon*, 110 F.3d at 368; *see also Allen v. Stark State Coll.*, No. 5:17CV02706, 2019 WL 3387772, at *9 (N.D. Ohio July 26, 2019) ("[Plaintiff's]

---

[6] Even though the Court refused to dismiss her case without prejudice as she requested, Plaintiff filed the Fifth Lawsuit in state court anyway. ECF No. 55, PageID.378–79.

[7] Defendants did not have to litigate the First Lawsuit because Plaintiff never served them.

unwillingness to participate in the litigation she initiated has caused prejudice to Defendants as Defendants have been forced to spend time and resources encouraging [Plaintiff] to participate in the obligations associated with litigation, namely discovery."). The underlying events of this case occurred in 2021, and yet four years later, "Defendants are still litigating those events, without much to show for their efforts because of Plaintiff's failure to move this case forward." *Kelly v. Choudhri*, No. 18-CV-12214 (ALC) (OTW), 2021 WL 11661017, at *5 (S.D.N.Y. May 24, 2021) (dismissing the case for failure to prosecute under Rule 41(b)). Moreover, Defendants have been prevented from "obtaining evidence essential to the preparation of its defense" due to Plaintiff's failure to cooperate in discovery. *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013).

In one of Defendants' filings in this lawsuit, Defendants noted that in the Second Lawsuit and Third Lawsuit alone (as of September 30, 2024—over eight months ago), they had incurred $33,182.70 in attorney's fees stemming from filing answers, preparing and serving written discovery requests, and filing motions and responses. ECF No. 39, PageID.237; ECF No. 39-2. Much of this expense is a direct result of "Plaintiff's actions[,] [which] have made it impossible for the case to be prosecuted." *Kelly*, 2021 WL 11661017, at *5. The prejudice to Defendants is not likely to end any time soon, given Plaintiff's express indication that she has no

intention of complying with discovery unless a new judge is assigned to her case, and given her endless refiling of identical actions in both federal and state courts.

_Warning of Dismissal:_ Plaintiff had warning that the Court was considering dismissal in this case. Defendants filed the Motion to Dismiss, and Plaintiff responded to it. _See Harmon_, 110 F.3d at 368 ("[T]here can be no argument that [Plaintiff] was without notice that the district court was contemplating the dismissal of his complaint. [Defendant] had filed a motion to dismiss and [Plaintiff] had requested additional time to respond.").

In addition, the Court did not grant Defendants' motion outright. Rather, the Court took Defendants' motion under advisement, gave Plaintiff another chance to comply with discovery, ordered Plaintiff to show cause why the case should not be dismissed with prejudice, and expressly warned Plaintiff in bold, underlined font that failure to abide by the Court's orders may result in dismissal of her case with prejudice. ECF No. 51, PageID.362–63; _see Velocity Tools, Inc. v. Nemic Indus. Supply Co._, No. 1:06-CV-152, 2007 WL 2115419, at *2 (W.D. Mich. July 19, 2007) (noting that the plaintiff had notice of possible dismissal where the court informed the plaintiff that failure to follow the court's order may result in dismissal of the case, and where the defendants had filed a motion to dismiss under Rule 41(b)). Plaintiff received the Court's order, but rather than complying with it, she chose to appeal it and file other frivolous motions on the docket instead.

_Less Drastic Sanctions:_ Although the Court has not imposed alternative sanctions on Plaintiff, the Court has considered whether alternative sanctions would be sufficient to deter future abusive behavior from Plaintiff. _See Harmon_, 110 F.3d at 368 (stating that courts, in appropriate circumstances, are free to impose dismissal "as the first and only sanction[.]"). In this case, "the Court is not convinced that a lesser sanction would have any effect on Plaintiff's conduct." _Velocity Tools, Inc._, 2007 WL 2115419, at *2.

Notably, Plaintiff "is proceeding in forma pauperis, so by definition [she] has no resources to pay any kind of monetary sanction, much less one sufficient to deter [her] from repeating the same behavior." _Jamar-Mamon v. Univ. of Cincinnati_, 758 F. Supp. 3d 756, 765 (S.D. Ohio 2024) (citation omitted). Moreover, Plaintiff made it abundantly clear that she has no interest in litigating her case or complying with Court orders unless she gets a change of judge. Plaintiff has demonstrated an utter lack of respect for the authority of the Court and has attempted to side-step every order she disagrees with, so "[c]ommon sense suggests that another order by this Court would prove fruitless." _St. John v. Fresh Mkt._, No. 1:15-CV-01172, 2016 WL 4440001, at *3 (N.D. Ohio Aug. 23, 2016). Thus, the Court "has considered the efficacy of a sanction less draconian than dismissal," but given Plaintiff's "continued obstructive behavior," the Court determines that those sanctions would be ineffectual. _Kelly_, 2021 WL 11661017, at *5.

To conclude, the Court highlights the words of the Sixth Circuit in *Universal Health Group v. Allstate Insurance Company*:

> Every violation of the Rules has consequences; the question is who will bear them. Too often the consequences are borne only by the innocent party, who must live with the violation… or else pay to brief and argue a motion to compel the offending party to do what the Rules required it to do all along.

703 F.3d at 956 (quoting *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 277–78 (6th Cir. 2010)). Here, Defendants' repeated motions, their repeated attempts to cooperate, and the Court's orders "were not enough to compel [Plaintiff] to do what the Rules required." *Id.* Indeed, "[Plaintiff's] delay here has functioned as a complete block to moving this litigation forward, despite the efforts of defendants and the Court to do so." *Kelly*, 2021 WL 11661017, at *5. Although dismissal is a harsh sanction, "[a] clear record of bad faith and abuse of judicial system"—such as Plaintiff's conduct here—"is sufficient to justify the harsh consequences of forever denying a litigant his day in court." *Carter v. United States*, 83 F.R.D. 116, 117 (E.D. Mo. 1979). Plaintiff's bad faith and abuse warrant dismissal.

### ii.    The Court Denies Defendants' Request for Attorney's Fees Because Plaintiff is *Pro Se* and Proceeding *In Forma Pauperis*

Although the Court finds in favor of Defendants, it declines to award Defendants' attorney's fees. Plaintiff is proceeding *pro se* and *in forma pauperis*. Her only source of income is Social Security Disability, which is $900 per month.

ECF No. 2, PageID.9. Plaintiff's monthly expenses entirely consume her disability payments, and she has little money in checking or savings. *See id.* at PageID.10. Accordingly, the Court concludes that an award of fees would be unjust and "likely futile." *See St. John*, 2016 WL 4440001, at *3 ("[G]iven Plaintiff's pro se status, the Court finds a cost assessment would not be just."); *Grooms v. Walden Sec.*, No. 3:21-cv-00363, 2023 WL 2993348, at *5 (M.D. Tenn. Apr. 18, 2023) (denying defendant's attorney's fees because "a further financial sanction would be unjust and likely futile" given plaintiff's *in forma pauperis* status).

## IV.    CONCLUSION

For the foregoing reasons:

1. Plaintiff's Motion for Order to Chief Judge [ECF No. 54] is **DENIED;**

2. Plaintiff's Motions to Disqualify Judge [ECF No. 61; ECF No. 63] are **DENIED;**

3. Defendants' Motion to Dismiss [ECF No. 38] is **GRANTED IN PART** and **DENIED IN PART.** Specifically,

   a. Defendants' request to dismiss the case is GRANTED; and

   b. Defendants' request for attorney's fees is DENIED.

This case is hereby **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

Dated:  June 10, 2025                    /s/Gershwin A. Drain
                                         GERSHWIN A. DRAIN

United States District Judge